IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Shaanxi Jinye Science Technology & Education Co. Ltd. Group, | ) ) ) ) |
| Plaintiff | ) ) |
| v. | ) CIVIL ACTION NO. H-05-4073 ) ) |
| Richard Chen, *et al.,* | ) ) |
| Defendant | ) ) |

## ORDER RE: AMENDED COMPLAINT AND FURTHER BRIEFING

Before the court is a motion to dismiss brought by one Defendant, Greg Tan (Tan), against the Plaintiff, Shaanxi Jinye Science Technology & Education Co. Ltd. Group (Jinye). Doc. 3. Jinye has filed a response. Doc. 8. Tan also filed a reply. Doc. 10. At this time, the court will address only two issues and will not decide Tan's motion entirely.

First, Tan asserts that this court lacks subject matter jurisdiction because this suit is between aliens. Second, Tan raises the possibility that parallel state court actions (Cause No. 2003-56332, *U.S. Jin Chen Enterprise, Inc. v. Pi-Chi Chen, et al.,* 152nd District Court of Harris County, Texas and Cause No. 2003-65865, *Nations Plastic Inc v. U.S. Jin Chen Enterprise, Inc., et al.,* 189th District Court of Harris County, Texas) may have resolved the issues facing this court. Doc. 10 at 6-7. Before deciding the other, more complex, issues that Tan's motion raises, these two issues should be addressed.

**Background**

In its complaint, Jinye describes how a family, the Chens, persuaded it to purchase a company in Houston by making false promises about that company's profitability. After taking Jinye's money, the Chens fled the United States to escape incarceration. Representations made by Tan, as "the big boss," were critical to the success of the Chens' scheme. Tan represented that he was in business with the Chens and would guarantee a certain level of business for the company that Jinye sought to purchase.

**I.      This court does not posses subject matter jurisdiction over this case, absent an amended complaint.**

Tan argues that this court may not assert jurisdiction over this case because a single alien corporation has filed suit against a number of parties that include an alien. A district court may exert jurisdiction over a civil action "between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; [and] (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"  28 U.S.C. § 1332(a). Thus, diversity of citizenship between plaintiffs and defendants must be complete. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806); *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365 (1978). Under these general rules, "28 U.S.C. § 1332(a)(2) provides federal jurisdiction when a citizen of a state is sued or sues a foreign state, or its citizens or subjects. 28 U.S.C. § 1332(a)(3) applies only in a suit between citizens of different states with aliens as additional parties." *Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp.,* 506 F.2d 757, 758 (5th Cir. 1975). Thus, in, "a suit initiated by two alien corporations against two defendants, one of whom is an alien corporation," "[t]he *Strawbridge* mandate is not met." *Panalpina Welttransport GmBh v. Geosource, Inc.,* 764 F.2d 352, 355 (5th Cir. 1985).

In this case, the pleadings reveal that: (1) Jinye is the only plaintiff and "a publicly-traded company formed under the laws of the People's Republic of China," Doc. 1, 1.01; and (2) "Defendant Richard Chen is a Canadian citizen." Doc. 1, 1.02. Consequently, two aliens oppose each other and no citizens of the United States are plaintiffs. Thus, 28 U.S.C. § 1332 does not enable this court to adjudicate the case as it is currently pled. Only by dismissing all alien defendants may Jinye maintain its suit in this court. Thus, Jinye, as requested, is granted leave to amend its complaint by April 18, 2006 to correct any deficiencies, jurisdictional or otherwise, identified by Tan's motion to dismiss if it wishes to pursue this case in this court.

**II.     Potential issues of res judicata or collateral estoppel have arisen**

Tan's reply brief raise the possibility that suits by and against U.S. Jin Chen Enterprise, Inc. may have resolved the issues raised by this suit, rendering any further analysis of this suit redundant. See, Cause No. 2003-56332, *U.S. Jin Chen Enterprise, Inc. v. Pi-Chi Chen, et al.,* 152nd District Court of Harris County, Texas and Cause No. 2003-65865, *Nations Plastic Inc v. U.S. Jin Chen Enterprise, Inc., et al.,* 189th District Court of Harris County, Texas. However, Tan's reply brief provides virtually no detail about these earlier suits and, because the allegations were raised in a reply brief rather than in the initial briefing, Jinye has had no opportunity to respond to the new arguments. To avoid deciding the same case twice, any defendant wishing to raise the defense of *res judicata* or *collateral estoppel* may file a motion for partial or complete summary judgment on the effect of the cases filed in Harris County, Texas or elsewhere have on this case at any time before April 21, 2006 at 5:00 p.m. Moving for summary judgment on these limited grounds shall not constitute a waiver of any arguments raised by the pending motions to dismiss. Doc. 3 and Doc. 11. Should the Defendants fail to move for

summary judgment, the court will proceed to decide all pending motions on the basis of the pleadings currently effective as of April 21, 2006, without reference to any external evidence.

Accordingly, it is hereby ORDERED:

(1)     Jinye may amend its complaint before April 18, 2006 at 5:00 p.m.

(2)     If Jinye does not resolve the jurisdictional defects identified by this order before April 18, 2006 at 5:00 p.m., then its case shall be dismissed.

(3)     Any defendant may file a motion for summary judgment before April 21, 2006 at 5:00 p.m. without waiving any defenses asserted in the pending motions to dismiss (Doc. 3 and Doc. 11) so long as that motion for summary judgment addresses only the effect of Cause No. 2003-56332, *U.S. Jin Chen Enterprise, Inc. v. Pi-Chi Chen, et al.,* 152nd District Court of Harris County, Texas or Cause No. 2003-65865, *Nations Plastic Inc v. U.S. Jin Chen Enterprise, Inc., et al.,* 189th District Court of Harris County, Texas on this case.

(4)     If no defendant files a motion for summary judgment before April 21, 2006 at 5:00 p.m., then this court will decide all pending motions on the basis of the pleadings currently effective as of April 21, 2006, without reference to any external evidence.

SIGNED at Houston, Texas, this 11th day of April, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE